**Louise BOND, Individually and on behalf of her minor children, et al., Plaintiffs,**

v.

**Wayne A. STANTON, Individually and in his capacity as Administrator of the Indiana State Department of Public Welfare, et al., Defendants.**

**No. 73 H 184.**

United States District Court, N. D. Indiana, Hammond Division.

March 22, 1974.

Seymour H. Moskowitz, Gary, Ind., Lawrence Albrecht, Wayne Defferding, Law Students, Valparaiso University School of Law, Valparaiso, Ind., for plaintiffs.

John P. Segovia, Gary, Ind., Arthur E. Murphy, Deputy Atty. Gen., Indianapolis, Ind., for defendants.

## MEMORANDUM OPINION

ALLEN SHARP, District Judge.

This action for redress under 42 U.S.C., Section 1983, has been initiated by plaintiffs because of the admitted failure of the State of Indiana to implement the Early and Periodic Screening, Diagnoses, and Treatment (EPSDT) program pursuant to 42 U.S.C., Sections 1396 et seq. as of December 31, 1973. Both sides have filed motions for summary judgment. This court will resolve the questions presented by the cross-motions for summary judgment and determine whether or not the state has complied with the provisions and requirements of 42 U.S.C., Section 1396, 45 CFR 249.10(a)(3) and (b)(4)(ii) as of March 15, 1974.

Oral argument was heard by this court on November 5, 1973 on the cross-motions for summary judgment. The parties were given until March 1, 1974 to augment and supplement their arguments with any relevant material which would be appropriate under Rule 56, Federal Rules of Civil Procedure, for the court's consideration prior to ruling on the motions. No further oral argument was contemplated.

Plaintiffs have requested the following relief: a) a declaratory judgment, b) a preliminary injunction and a permanent injunction, c) compensatory and punitive damages, d) appointment of a receiver, e) submission of defendant's proposals to implement EPSDT for plaintiffs' approval, f) all costs and attorney's fees, and g) all other just and equitable relief.

Defendants ask that the court grant a motion of summary judgment in their favor " . . . under the provisions of Trial Rule 56 (sic)". Defendants have admitted that the EPSDT program was not in effect throughout the state as of July 1, 1973 as required by federal regulation 45 CFR 249.10. However, defendants contemplated that the EPSDT program would have been in effect by January 1974. Defendants claim that there is no factual issue since the named plaintiffs Bond, Edwards, Jude, and Moore received $8,600.79 in medicaid benefits for 1970–73. The Deputy Attorney General stated, "It is obvious that they know the way to the doctor . . . ."

The plaintiffs were allowed to proceed in this action without prepayment of fees and costs pursuant to an order of Chief Judge George N. Beamer on July 23, 1973.

## ANALYSIS AND FINDINGS

Lake County, one of the two most populous counties in Indiana, was not included in the Eight County Pilot Project as set out in the Department of Public Welfare Bulletin No. 70 dated May 17, 1973. Therefore, under Department of Public Welfare Bulletin No. 70 (revised), the implementation of EPSDT in all counties other than the eight included in the pilot project was not even contemplated until January 1974, which was well beyond the statutory deadline of July 1, 1973. 45 CFR 249.10.

A careful reading of the original and supplemental materials filed in this case indicates, in a clear and convincing fashion, that little, if any, headway has been made by the State as far as the implementation of the EPSDT program is concerned. From the information supplied by the Lake County Welfare Department as well as that supplied by the state, it appears to a certainty that the welfare procedures are nearly the same as they were last year. No special training is required for the caseworkers and there have been only minimal attempts to communicate this program to either the caseworkers or to the ultimate recipients. A few letters and directives, clothed in bureaucratic prose, have been issued to the local units of the Depart-

ment of Public Welfare of Indiana. In fact, there is no evidence of a comprehensive EPSDT program, nor even any semblance of any screening program however minimal.

■ This court can sympathize with the State Welfare Department's difficulties in following the changes decreed by the Department of Health, Education and Welfare and having to implement these changes on the local level. However, there is no reasonable doubt that the state has not complied with the provisions of the Social Security Act, 42 U.S.C., Section 1396d(a)(4)(B), relating to EPSDT as of March 1, 1974. Over two years have elapsed since the initial part of the EPSDT program was supposed to have been implemented and in full effect by the State of Indiana. The provisions of the Social Security Act and the regulations enacted in 45 CFR 249.10 are binding upon the participating states as long as they voluntarily choose to participate in the welfare programs sponsored in part by federal funding. This court has the power to review state welfare provisions and to prohibit the state use of any federal funds for non-compliance with statutory regulations and can enjoin the state from further use of federal monies. Rosado v. Wyman, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970).

The court is cognizant of the problems involved in the administration of a large and often controversial bureaucracy. No erudite drafting could create a sweeping ukase that would relieve the situation that caused this dispute. However, the court must attempt to fashion an appropriate remedy under the circumstances.

The court has read the opinion and order of Judge Noel P. Fox, U. S. District Court for the Western District of Michigan, Southern Division, in Dominguez v. Milliken, No. G 198–72, an unpublished opinion involving a similar case, the failure of a state to implement EPSDT as per federal regulation. While not a precedent, Judge Fox's opinion in Dom-

inguez, Id. has been a helpful source of information.

## ORDER

■ The class consisting of all named plaintiffs and all persons up to age 21 in Indiana who are eligible for medicaid benefits under the provisions of Title XIX of the Social Security Act is determined to be a proper class under Rule 23(a) and 23(b)(2), Federal Rules of Civil Procedure.

The court finds that there is no genuine issue as to any material fact. The State of Indiana has failed to implement EPSDT as required by 42 U.S.C., Section 1396, 45 CFR 249.10(a)(3). Defendants' motion for summary judgment is denied. Plaintiffs' motion for summary judgment is granted in part and denied in part.

Defendants are hereby adjudged to be acting in contravention of 42 U.S.C., Section 1396d(a)(4)(B) and the regulations established pursuant to that section, 45 CFR 249.10(a)(3); (b)(4)(ii).

■ Defendants, their successors in office, agents and employees, and all other persons in active concert and participation with them, are hereby enjoined from continuing to administer EPSDT in violation of 42 U.S.C., Section 1396d(a)(4)(B) and the regulations established thereunder, 45 CFR 249.-10(a)(3), (b)(4)(ii).

Defendants are ordered to have a program of Early and Periodic Screening, Diagnoses and Treatment in effect in every county in Indiana by July 1, 1974. Such program shall meet the minimum standards set out in the above-mentioned federal regulations and in substantial compliance with any and all pertinent guidelines issued by the Department of Health, Education and Welfare.

Ruling on plaintiffs' request for attorney's fees will be reserved pending the filing of supplemental briefs directed to this issue and an accounting of actual costs.

Plaintiffs' request for compensatory and punitive damages is denied. Compensatory damages in this case would be extremely speculative and difficult to prove. Punitive damages against the State would not serve their proper function of deterrence and punishment. As against individual defendants, there is no showing of willful and malicious actions by said defendants so as to deprive plaintiffs of their civil rights. Absent such evidence, punitive damages will not be assessed against any of the named individual defendants.

Plaintiffs request to appoint a receiver is denied.

Plaintiffs are denied all other requested relief at this time. This order, pursuant to Rule 56(b), Federal Rules of Civil Procedure, is intended to be a final judgment as to the claims decided.